IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

CAUSE NO. 3:26-mj-00058-RP

YAHYA MOHAMED MOSLEH

<u>DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S REQUEST FOR STAY OF RELEASE ORDER</u>

Defendant Yahya Mohamed Mosleh, through undersigned counsel, hereby responds in opposition to the Government's "Notice of Appeal of Magistrate Judge's Oral Order Releasing the Defendants and Any Subsequent Written Order and Request for Stay" [Doc. 18]. In support, Mr. Mosleh states as follows:

Following a contested hearing, the Magistrate Judge found that conditions of release will reasonably assure Mr. Mosleh's appearance and the safety of the community. Immediately, the Government filed a one-page notice asking this Court to stay that release order. The notice offers no facts, no argument, and no authority. It does not identify a single error in the Magistrate Judge's ruling or a single harm that would follow from release with conditions. Further, it seeks that stay only "until the Government can file an appeal" – that is, before the Government has made any showing at all.

The Bail Reform Act does not provide for an automatic stay of a release order, and the Government has not attempted to satisfy any standard that would justify one. The request should be denied. When a magistrate orders release, the Government's remedy is a motion in the district court "for revocation of the order or amendment of the conditions of release," which "shall be determined promptly." 18 U.S.C § 3145(a). The statute does not provide that the release order is suspended while that motion is pending. Congress directed prompt determination precisely because the defendant's liberty hangs in the balance.

To the extent the Court has inherent authority to stay a release order, a stay is "an intrusion

into the ordinary processes of administration and judicial review" and is "not a matter of right." *Nken v. Holder*, 556 U.S. 418, 427 (2009). The party requesting a stay bears the burden of showing that the circumstances justify it. *Id.* at 433-34. The Government has not even attempted to carry that burden. Its notice does not mention a single fact from the hearing, does not identify any error by the Magistrate Judge, and does not explain why the conditions imposed are inadequate.

Every stay factor weighs against the Government. Courts considering a stay weigh (1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other party; and (4) the public interest. *Nken*, 556 U.S. at 434.

Regarding likelihood of success, the Government has made no showing. Although the presumption of 18 U.S.C. § 3142(e)(3)(A) applies, it shifts only the burden of production; the burden of persuasion remains with the Government at all times. *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir. 1985). The Government must provide dangerousness by clear and convincing evidence and risk of flight by a preponderance. The Magistrate Judge heard the evidence and found that the Government did not meet those burdens.

The record does not suggest the Government is likely to prevail on review. The only controlled purchase from Puffs involved a product not labeled as containing any federally controlled substance. The affidavit supporting the complaint contained a material misstatement about that purchase, which the Government now acknowledges. The contested hearing allowed the parties to address these details, as well as the testimony of the government's witness, and they were considered by the Court prior to its ruling.

No harm to the Government has been identified. The conditions to be imposed address any conceivable risk while the Government's appeal request is considered. However, detention of a presumptively innocent person is itself a serious and irreparable injury, which Mr. Mosleh would suffer if the Government's stay request is granted.

Finally, the public interest is served by honoring a Magistrate Judge's considered finding after an adversarial hearing, and by the prompt determination Congress required in § 3145(a). It is not served by detaining defendants a judicial officer has found should be released on the strength of a filing that states no grounds.

REQUESTED RELIEF

Mr. Yayha Mohamed Mosleh respectfully requests that the Court deny the Government's request for a stay of the Magistrate Judge's release order.

Respectfully submitted, this the 1st day of October, 2026.

*/s/ M. Scott Davis*
M. SCOTT DAVIS, MSB No. 103225
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 236-2889
Fax: (662) 234-0428
scott_davis@fd.org

CERTIFICATE OF SERVICE

I, M. Scott Davis, attorney for Defendant Yahya Mohamed Mosleh, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which provided notification to all parties of record.

Dated this the 1st day of October, 2026.

*/s/ M. Scott Davis*
M. SCOTT DAVIS
Assistant Federal Public Defender